UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENAN ALLEN                                         CIVIL ACTION

VERSUS                                              NUMBER: 13-4938

EDWARD J. RANTZ, JR.                                SECTION: "J"(5)

### REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Kenan Allen, has filed the above-captioned matter in forma pauperis against defendant, Edward J. Rantz, Jr., Esq.

Plaintiff is an inmate of the Louisiana State Penitentiary who is serving an unspecified sentence following his conviction for an unspecified crime.  Plaintiff alleges that the defendant, an attorney who was appointed or retained in defense of the foregoing criminal proceedings, engaged in various acts of deceit and conspired with the prosecutor to obtain plaintiff's conviction.  Plaintiff seeks compensatory and punitive damages.

Initially, the Court is required to examine plaintiff's

complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pretrial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

    Plaintiff alleges that he is incarcerated based upon the

acts and omissions of his attorney who conspired with the prosecutor to obtain a conviction.  As such, he raises a habeas corpus issue (i.e., ineffective assistance of counsel) which cannot be addressed until he has exhausted available state court remedies with respect to it.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).  On that score, plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are ivolved in this action or otherwise relating to his imprisonment. (Rec. doc. 1, p. 2).  Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.  Mc Grew, 47 F.3d at 161.

The Court must next determine whether any viable §1983 claims are raised by plaintiff's complaint.  As a general rule, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability.  Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985).  In Tower v. Glover, 467 U.S. 914, 919-20, 104 S.Ct. 2820, 2824 (1984), the

Supreme Court held that the "under color of state law" requirement is satisfied where counsel conspires with other traditional state actors.  In the Fifth Circuit, however, "'[plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.  Bald allegations that a conspiracy existed are insufficient.'" Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991)(quoting Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987)).

    Although Allen asserts that the defendant "conspired" with the prosecutor and "set out to assist the State in securing a conviction" (rec. doc. 1, pp. 8-9), nowhere does he show that the defendant and the prosecutor agreed to commit an illegal act. Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990).  Plaintiff's allegations are thus not sufficiently specific to present a colorable §1983 conspiracy claim.  More importantly, unless and until plaintiff is able to have his conviction invalidated, he has no §1983 cause of action at all.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  Accordingly, it will be recommended that plaintiff's §1983 claim be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  Johnson, 101 F.3d at 424.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __8th__ day of _____July_____, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE