UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENAN ALLEN                                          CIVIL ACTION

VERSUS                                               NO: 13-4938

EDWARD J. RANTZ, SR.                                 SECTION: "J"(5)

### ORDER

Before the Court is petitioner, Kenan Allen's objection **(Rec. Doc. 7)** to the Report and Recommendation (Rec. Doc. 6) of the United States Magistrate Judge. Having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and petitioner's objection, the Court **OVERRULES** petitioner's objection and adopts the Report and Recommendation as the Court's opinion in this matter.

On June 28, 2013, Allen, a state inmate serving an unspecified sentence following his conviction for an unspecified crime, filed an *in forma pauperis* complaint against Edward J. Rantz, an attorney who was appointed or retained in defense of the foregoing state criminal proceedings. In his complaint, Allen alleges that the attorney engaged in various acts of deceit and conspired with the

prosecutor to obtain his conviction. Allen seeks compensatory and punitive damages.

On July 9, 2013, the Magistrate Judge issued a report and recommendation finding that (a) to the extent Allen's complaint could be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies, and (b) Allen's § 1983 claim should be dismissed, because, among other things, "unless and until [Allen] is able to have his conviction invalidated, he has no §1983 cause of action at all." (Report and Recommendation, Rec. Doc. 6, pp. 3-4)

In his objection, Allen objects to the Magistrate Judge's characterization of his complaint as an attempt to challenge his conviction, (Rec. Doc. 7, p. 7) and reiterates that he is seeking damages under § 1983 from his attorney for allegedly conspiring with the prosecutor to deny Plaintiff certain discovery materials and helping the prosecutor secure a conviction. Id. Plaintiff also provides more factual detail with respect to his § 1983 conspiracy claim. Given that (a) Allen's objection does not change the fact that his conviction has never been invalidated and (b) Allen does not challenge the Magistrate Judge's legal conclusion that he has no § 1983 action at all until he is able to have his conviction invalidated,[1] Allen's objection **(Rec. Doc. 7)** is hereby **OVERRULED**.

---

[1] Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Accordingly,

**IT IS ORDERED** that insofar as Plaintiff's complaint can be construed as a request for habeas corpus relief, it is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claim is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(I).

New Orleans, Louisiana, this 22nd day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE